**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50195
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ALVIN RAY MATHIS, JR.,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas

(SA-95-CR-148-1)

March 10, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Under a written plea agreement, Alvin Ray Mathis, Jr.
pleaded guilty to distributing in excess of 50 grams of cocaine
base, in violation of 21 U.S.C. 841(a)(1). The district court
imposed a 115-month term of imprisonment, to be followed by a five-
year term of supervised release. In calculating the sentence, the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court reduced Mathis's offense level by two points on the basis of his acceptance of responsibility. On appeal, Mathis contends that the government breached the plea agreement by failing to adhere to its promise that it would recommend to the sentencing court that he receive a three-point reduction. After a de novo review [2] of both the terms of the agreement and the evidence placed before the district court, we conclude that the government did not breach its promise. We affirm.

Although the plea agreement stated that the government would recommend a three-point reduction, the presentence report recommended that Mathis receive merely a two-point reduction because he did not plead guilty until the day of trial. At the sentencing hearing, Mathis objected to this recommendation. When the district court inquired as to the government's response to Mathis's objection, the prosecuting attorney stated that the government was "bound by the plea agreement," and that it "did not oppose a three-level downward adjustment." The probation officer in attendance then stated that case law supported his recommendation that Mathis was entitled only to a two-point reduction. The prosecuting attorney did not respond to this statement. In the end, the district court concluded that Mathis was only entitled to a two-point reduction.

Though Mathis undoubtedly preferred the prosecuting attorney

---

[2] See *United States v. Price*, 95 F.3d 354, 367 (5th Cir. 1996).

to argue zealously for a three-point reduction, binding precedent makes it clear to us that unless the explicit language of the plea agreement so requires, the government need not endorse the terms of its plea agreements enthusiastically.[3]  It cannot be denied that the government placed its recommendation for a three-point reduction squarely before the court.  The government adhered to the terms of the plea agreement.

AFFIRMED.

---

[3] *United States v. Benchimol*, 471 U.S. 453, 455 (1985); *United States v. Cates*, 952 F.2d 149, 153 (5th Cir. 1992).